# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,     )
     )
    v.     )     ID No. 1807009040
     )
JAMES GERLEVE,     )
     )
    Defendant.     )

Date Submitted:   February 18, 2021
Date Decided:    May 5, 2021

## ORDER

Upon consideration of Defendant's Motion for Modification of No Contact Order,[1] the State's response,[2] statutory and decisional law, and the record in this case, **IT APPEARS THAT:**

1.    On October 25, 2018, Defendant pled guilty to Second-Degree Assault.[3] On March 8, 2019, the Court sentenced Defendant to 6 years at Level V, suspended after 6 months at Level V, for 6 months Level IV (Work Release), followed by 18 months at Level III, hold at Level V until space is available at Level IV (Work Release).[4] The Court's sentencing order also prohibited Defendant from

---

[1] D.I. 18.
[2] D.I. 20.
[3] D.I. 4.
[4] D.I. 5.

"unauthorized contact" with Morgan or Baily Gerleve unless a Family Court order provided otherwise.[5]

2.    On March 21, 2019, the Court issued a corrected sentencing order to reflect that Defendant would be held at Level III, not Level V, while awaiting Level IV (Work Release).[6] The Court also removed the "unauthorized" language from the no-contact provision, clarifying that "Defendant shall have NO CONTACT with Morgan and Bailey Gerleve unless by Family Court order."[7]

3.    On December 10, 2019, the Court issued a modified sentencing order.[8] That order modified the March 21, 2019 order reflect that the balance of Level IV (Work Release) would be suspended for 18 months at Level III.[9] The no-contact provision remained in place.[10]

4.    On January 28, 2021, Defendant filed the instant Motion for Modification of No Contact Order.[11] In that Motion, Defendant asks the Court to remove the no-contact provision of his sentence, which would allow him to see his

---

[5] *Id.*
[6] D.I. 7.
[7] *Id.*
[8] D.I. 10.
[9] *Id.*
[10] *Id.*
[11] D.I. 18.

daughters.[12]  In support of his request, Defendant explains that he has completed domestic violence and parenting classes and has paid his fines in full.[13]

5.  On February 18, 2021, the State filed its response to Defendant's Motion.[14]  The State confirmed that Defendant has completed a Turning Point domestic violence treatment program.[15]  But the State also noted that Defendant was subsequently arrested and is facing charges in a new criminal case[16]: Possession with Intent to Deliver Methamphetamine, Tampering with Evidence, and Possession of Drug Paraphernalia.[17]  The State also explains that it attempted to reach the mother of the victim child but was unable to do so.[18]  Under these circumstances, the State opposes Defendant's Motion.[19]

6.  For the reasons outlined by the State, the Court declines to modify the no-contact provision of Defendant's sentence.

**NOW, THEREFORE, IT IS ORDERED** that Defendant's Motion for Modification of No Contact Order is **DENIED.**

---

[12] *Id.*
[13] *Id.*
[14] D.I. 20.
[15] *Id.*
[16] ID No. 2007014228.
[17] D.I. 20.
[18] *Id.*
[19] *Id.*

*Jan R. Jurden*

_____

Jan R. Jurden, President Judge

Original to Prothonotary

cc:     James Gerleve
        Kelly Hicks Sheridan (DAG)